STATE OF MAINE  )   SUPERIOR COURT
YORK, ss        )   CIVIL ACTION
                )   DOCKET NO.:

MATTHEW LAUZON, of Boston,          )
Suffolk County, Massachusetts,      )
                                    )
Plaintiff,                          )
                                    )
v.                                  )
                                    )
STEPHEN DODD of Lakeland, Polk      )
County, Florida,                    )
                                    )
In his Individual Capacity          )
                                    )
ROGER BEAUPRE, of Biddeford, York   )   **COMPLAINT**
County, Maine,                      )   **(WITH DEMAND FOR JURY TRIAL)**
                                    )
In his Official Capacity as Chief of)
Police for the Biddeford Police     )
Department and in his Individual    )
Capacity,                           )
                                    )
and                                 )
                                    )
CITY OF BIDDEFORD                   )
a municipality in the state of Maine,)
                                    )
Defendants                          )

EXHIBIT 1

NOW COMES Plaintiff and hereby complains against Defendants as follows:

## PRELIMINARY STATEMENT

1. Matthew Lauzon was sexually assaulted by Biddeford Police Department Officer Steven Dodd in 1998-1999. Steven Dodd used his power and authority as a law enforcement officer to gain access to Matthew Lauzon and to obtain Matthew Lauzon's trust to sexually abuse Matthew Lauzon and to ensure Matthew Lauzon's silence about his abuses. Chief Roger Beaupre was Chief of the Biddeford Police Department before, during, and after Matthew Lauzon was sexually abused. Chief Roger Beaupre was given information prior to Matthew Lauzon's abuse such that he was aware of and/or should have been aware that Steven Dodd and

1

at least one other Biddeford Police Officer had been and were sexually abusing young boys, including Matthew Lauzon. As Chief, Roger Beaupre turned a blind eye and failed to prevent this abuse. Chief Roger Beaupre's failure to act meant that Steven Dodd was able to sexually assault Matthew Lauzon. Matthew Lauzon brings this action against Steven Dodd, Chief Roger Beaupre, and the City of Biddeford pursuant to 42 U.S.C. § 1983.

## PARTIES

2. Plaintiff Matthew Lauzon ("Lauzon") is an individual residing in Boston, Massachusetts.

3. At all times relevant to this Complaint, Lauzon was a minor residing in Biddeford, Maine.

4. Defendant Stephen Dodd ("Officer Dodd") is an individual residing, on information and belief, in Lakeland, Florida.

5. At all times relevant to this Complaint, Officer Dodd was a police officer with the Biddeford Police Department ("BPD") and was acting under color of state law as a BPD police officer employed by BPD and the City of Biddeford.

6. Defendant Roger Beaupre ("Chief Beaupre") is the Chief of Police for the BPD and was the Chief of Police for the BPD at all times relevant to this Complaint and was acting under color of state law as the Chief of BPD.

7. Defendant Chief Beaupre is and was the final policy maker for BPD.

8. Defendant City of Biddeford is a municipality in the state of Maine.

9. Defendants Roger Beaupre, in his Official Capacity as Chief of BPD, and City of Biddeford are collectively referred to as "Municipal Defendants."

## STATEMENT OF FACTS

2

10. Between 1998 and 1999, when Lauzon was 13 to14 years old, he was sexually abuse by an adult neighbor.

11. BPD became aware of this event and met with Lauzon and his father to investigate it.

12. At the time of that investigation, Lauzon was too embarrassed with his father present to admit the abuse had occurred.

13. Sometime weeks later Lauzon was contacted by Officer Dodd who offered to help Lauzon with the sexual abuse by the neighbor.

14. Officer Dodd identified himself as a BPD officer when he offered to help Lauzon.

15. Lauzon felt a sense of relief with this second chance to speak to the police after having not told the officers previously when he was too embarrassed to do so in front of his father.

16. Officer Dodd picked Lauzon up to discuss the sexual abuse by his neighbor and drove him to a secluded dirt road.

17. Officer Dodd then proceeded to sexually assault Lauzon.

18. Officer Dodd forcibly performed oral sex on Lauzon.

19. Officer Dodd attempted to force Lauzon to touch Dodd's genitals, but Lauzon pulled away.

20. Officer Dodd then masturbated with Lauzon in the car.

21. Officer Dodd sexually assaulted Lauzon on at least one subsequent occasion.

22. Officer Dodd used his power and authority as a BPD officer to earn Lauzon's trust, sexually assault him, and keep him from disclosing this first and subsequent sexual assaults.

23. Prior to the time that Officer Dodd sexually assaulted Lauzon, information had been conveyed to Chief Beaupre that Officer Dodd and at least one other BPD officer had committed sexual assaults against minors in Biddeford. Additionally, Officer Dodd had been engaged in so many sexual assaults against minors in Biddeford that Chief Beaupre knew and/or should have known that Officer Dodd was a sexually fixated pedophile, was dangerous to young men and should not be in a position as an officer of the BPD.

24. Chief Beaupre knew and/or should have known that BPD officers were sexually assaulting minors based on the information that he was given, including but not limited to Officer Dodd's sexual abuse of minors.

25. Despite receiving this information, Chief Beaupre took no steps to protect Lauzon or other minors in Biddeford from the sexual assaults. Officer Dodd has stated that Chief Beaupre would not take action to terminate Officer Dodd since Officer Dodd reportedly had photographic and/or video evidence of Chief Beaupre's alleged relationship with Officer Dodd and one other person that, if disclosed by Officer Dodd, would significantly compromise Chief Beaupre. Additionally Chief Beaupre engaged in a pattern of altering BPD internal affairs policies and establishing BPD policies that provided him with the opportunity to control and manipulate BPD policies to allow Officer Dodd to remain in his position during and after sexual abuse allegations were made against Officer Dodd prior to the time that Lauzon was sexually assaulted by Officer Dodd. Chief Beaupre also failed to provide mandatory notification to the then-State of Maine Department of Human Services ("DHS"), despite his obligation to do so, of the sexual abuse by Officer Dodd. Had Chief Beaupre done so, then DHS would have investigated Officer Dodd and that independent investigation would have shown, prior to Lauzon's abuse by Officer Dodd, that Officer Dodd had abused minor boys through his position as an officer of the BPD. Such an investigation would have resulted in the separation of Officer

Dodd from the BPD prior to the time that Officer Dodd, using his position as an officer of the BPD, molested Lauzon.

## CLAIMS FOR RELIEF

### COUNT I
### 42 U.S.C. § 1983
### (Officer Dodd in his Individual Capacity)

26. Lauzon repeats and realleges Paragraphs 1 through 25 as if set forth fully herein.

27. At all times relevant to this Complaint, Lauzon had a Constitutional right of liberty to bodily integrity, including but not limited to a freedom from sexual abuse by BPD police officers.

28. Officer Dodd was acting under color of state law when he convinced Lauzon to enter his car and sexually assaulted him.

29. Officer Dodd was acting under color of state law when he sexually assaulted Lauzon on subsequent occasions.

30. Officer Dodd's sexual assaults were a direct deprivation of Lauzon's constitutional rights to liberty of bodily integrity and freedom from sexual assault.

31. As a result of Officer Dodd's actions, Lauzon suffered damages, including but not limited to severe psychological damages, post-traumatic stress disorder, pain, suffering, humiliation, embarrassment, lost wages and permanent impairment.

### COUNT II
### 42 U.S.C. § 1983
### (Chief Beaupre in his Individual Capacity)

32. Lauzon repeats and realleges Paragraphs 1 through 31 as if set forth fully herein.

33. At all times relevant to this Complaint, Lauzon had a Constitutional right of liberty to bodily integrity, including but not limited to a freedom from sexual abuse by BPD police officers.

34. Officer Dodd was a subordinate to Chief Beaupre at all times relevant to this Complaint.

35. Officer Dodd violated Lauzon's Constitutional rights, as set forth more fully above.

36. Chief Beaupre's failure to investigate complaints against Dodd and/or supervise Dodd's misconduct constituted supervisory encouragement, condonation or acquiescence, amounting to deliberate indifference.

37. Chief Beaupre's actions and/or inactions described in the foregoing paragraphs were affirmatively linked to Dodd's violation of Lauzon's constitutional rights.

38. Lauzon did not know and had no reason to know that the deliberately indifferent actions and/or omissions of Chief Beaupre were the cause of his injuries and the violations of his Constitutional rights.

39. As a result of Chief Beaupre's actions and inactions Lauzon suffered damages, including but not limited to severe psychological damages, post-traumatic stress disorder, pain, suffering, humiliation, embarrassment, lost wages and permanent impairment.

## COUNT III
## 42 U.S.C. § 1983
## (Municipal Defendants)

40. Lauzon repeats and realleges Paragraphs 1 through 39 as if set forth fully herein.

41. At all times relevant to this Complaint, Lauzon had a Constitutional right of liberty to bodily integrity, including but not limited to a freedom from sexual abuse by BPD police officers.

42. With deliberate indifference to the rights of minor citizens to be free from invasions of bodily integrity and sexual assault by police, the Municipal Defendants encouraged,

tolerated, ratified, and acquiesced to a dangerous environment of sexual assaults against underage males by BPD officers by:

    a. failing to conduct sufficient training or supervision;

    b. failing to adequately punish acts of sexual abuse; and,

    d. failing to properly or neutrally investigate citizen complaints of sexual abuse of minors;

43. Officer Dodd and at least one other BPD officer engaged in a continuing, widespread, and persistent pattern of conduct in violation of citizens' constitutional rights to bodily integrity and freedom from sexual assault.

44. At all times relevant to this Complaint, it was the longstanding widespread deliberately indifferent custom, habit, practice and/or policy of the Municipal Defendants to permit BPD officers to sexually assault minors, to fail to supervise BPD officers who were sexually assaulting minors, and to fail to investigate reports of sexual assaults by BPD officers knowing that these members of law enforcement posed a significant risk to the public.

45. These deliberately indifferent customs and/or tacit authorizations of the Municipal Defendants were causes of the injury to Lauzon's constitutional rights to liberty of bodily integrity and freedom from sexual assault by BPD officers.

46. Lauzon did not know and had no reason to know that the deliberately indifferent actions and/or omissions of the Municipal Defendants were the cause of his injuries and the violations of his Constitutional rights.

47. Lauzon was injured by the Municipal Defendants' deliberate indifference to the violations of his constitutional rights.

48. As a result of the Municipal Defendants' actions and inactions Lauzon suffered damages, including but not limited to severe psychological damages, post-traumatic stress disorder, pain, suffering, humiliation, embarrassment, lost wages and permanent impairment.

## COUNT IV
## NEGLIGENT SUPERVISION
### (Municipal Defendants)

49. Lauzon repeats and realleges Paragraphs 1 through 48 as if set forth fully herein.

50. At all times relevant to this Complaint, a special relationship existed between the Municipal Defendants, who were trusted and empowered to protect minor citizens of Biddeford, including Lauzon, who are more vulnerable than adults.

51. There was a disparity of power and influence between the Municipal Defendants and Lauzon.

52. As a result of these circumstances, there was a reasonable basis for Lauzon to place trust and confidence in the Municipal Defendants.

53. The Municipal Defendants were aware that Lauzon may have suffered sexual abuse by his neighbor and investigated this complaint.

54. The knowledge that Lauzon may have been the victim of sexual abuse meant that Lauzon placed great trust and confidence in the Municipal Defendants.

55. Lauzon in fact placed trust and confidence in the Municipal Defendants as a result of this special relationship.

56. The Municipal Defendants knew or should have known that Officer Dodd posed a substantial risk of harm to Lauzon.

57. Under these circumstances, the Municipal Defendants owed a duty to protect Lauzon.

58. The Municipal Defendants failed to exercise their duty of care to protect Lauzon.

59. The Municipal Defendants' failure to exercise their duty of care caused injuries to Lauzon.

60. As a result of the Municipal Defendants' breach of duty, Lauzon suffered damages, including but not limited to severe psychological damages, post-traumatic stress disorder, pain, suffering, humiliation, embarrassment, lost wages and permanent impairment.

WHEREFORE, Plaintiff requests this Court order the following:

1. Compensatory damages against each Defendant jointly and severally on all counts.

2. Punitive damages against Defendants Steven Dodd and Roger Beaupre jointly and severally.

3. Punitive damages against the Municipal Defendants on Count IV.

4. Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1983.

5. Any other relief this Court deems just and proper.

## JURY DEMAND

Lauzon demands a trial by jury on all counts of his Complaint.

Date: 10/29/15

_(signature)_
WALTER F. MCKEE, ESQ.
Bar No. 7848
McKee Billings, LLC, P.A.
133 State Street
Augusta, ME. 04330
(207) 620-8294

Dated: 10/29/15

_(signature)_
JAMES A. BILLINGS, ESQ.
Bar No. 9353

Dated: 10/29/15

_(signature)_
MATTHEW D. MORGAN, ESQ.
Bar No. 5044

9