UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MATTHEW LAUZON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Docket No: CV-16-cv-00051-DBH |
| | ) |
| STEPHEN DODD, | ) |
| ROGER BEAUPRE, and | ) |
| CITY OF BIDDEFORD, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS ROGER BEAUPRE AND CITY OF BIDDEFORD'S
MOTION TO DISMISS, AND INCORPORATED MEMORANDUM OF LAW**

NOW COME Defendants, Roger Beaupre and the City of Biddeford, (hereinafter, the "City Defendants"), by and through undersigned counsel, and under Federal Rule of Civil Procedure 12(b)(6) move this Court to dismiss Plaintiff's Complaint as against them because the claims asserted by Plaintiff are barred by the applicable statutes of limitations, and because Plaintiff has failed to comply with the statutory notice requirements set forth in the Maine Tort Claims Act. In support of their Motion, the City Defendants state as follows:

**I.       PROCEDURAL AND FACTUAL BACKGROUND**

In Plaintiff's Complaint, filed on October 29, 2015 in the Maine Superior Court, York County, Civil Docket No. CV-15-239, he alleges three separate counts against the City Defendants. Two of those counts alleged violations of 42 U.S.C. § 1983: one against Defendant Beaupre, individually, and a second against Defendant Beaupre and the City of Biddeford, collectively, for their purported failure to train/supervise/discipline the other named-Defendant, Stephen Dodd. In addition to the federal claims, Plaintiff also alleges the State-law tort claim of "negligent supervision" against the City Defendants. (ECF No. 3-1.) The City Defendants

accepted service in this case on January 21, 2016 and, thereafter, the case was removed to this Court on February 3, 2016.

Important to this instant Motion, Plaintiff alleges in his Complaint that the underlying conduct giving rise to his claims took place between himself and Defendant Stephen Dodd, a then Biddeford Police Department Officer, in 1998-1999 when he was thirteen or fourteen years old.  (ECF No. 3-1, ¶¶ 1, 10, 13-22.)  For the reasons discussed below, the City Defendants move this Court to dismiss Plaintiff's Complaint as against them because the statute of limitations applicable to these Federal and State-law claims has expired.  Moreover, to the extent that his State-law claim is not barred by the applicable statute of limitation, that claim should nevertheless be dismissed against the City Defendants because of Plaintiff's failure to comply with the statutory notice requirements of the Maine Tort Claims Act, 14 M.R.S. § 8107.

## II.     STANDARD OF REVIEW PURSUANT TO FED. R. CIV. P. 12(B)(6)

Based on the allegations set forth in the Plaintiff's Complaint, the Plaintiff's claims are barred, by either the passage of time or for non-compliance with statutory requirements, and therefore the City Defendants seek to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

In reviewing a motion to dismiss, this Court "must take all the factual allegations in the complaint as true."  *Santana-Castro v. Toledo-Davila*, 579 F.3d 109, 111 (1st Cir. 2009) (quoting *Maldonado v. Fontanes*, 568 F.3d 263, 266 (1st Cir.2009)).  "As a result, 'to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Concepcion-Torres v. Puerto Rico*, 45 F. Supp. 3d 170, 172 (D.P.R. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S 662, 678 (2009)).

Statutes of limitations as a defense may be considered on a motion to dismiss pursuant to Rule 12(b)(6) to the extent that "the complaint and any documents that properly may be read in conjunction with it show beyond doubt that the claim asserted is out of time." *Rodi v. So. New England Sch. of Law*, 389 F.3d 5, 17 (1st Cir. 2004). The First Circuit has repeatedly held, in other words, that "[a]ffirmative defenses, such as the statute of limitations, may be raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), provided that 'the facts establishing the defense [are] clear on the face of the plaintiff's pleadings.'" *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 320 (1st Cir. 2008) (*quoting Blackstone Realty LLC v. Fed. Deposit Ins. Corp.*, 244 F.3d 193, 197 (1st Cir.2001)).

Here, the Plaintiff alleges constitutional violations under Section 1983 of the Civil Rights Act, and a State-law tort claim of negligent supervision. In his Complaint, Plaintiff alleges that the underlying conduct given rise to his claims took place between himself and Defendant Stephen Dodd, a Biddeford Police Department Officer, when he was thirteen or fourteen years old, and sometime in 1998-1999. (ECF No. 3-1, ¶¶ 1, 10, 13-22). For purposes of deciding a motion to dismiss, the Court "must take all the factual allegations in the complaint as true." *Santana*-Castro, 579 F.3d at 111, and in doing so, and through simply subtraction, Plaintiff's year of birth would have been 1985 by logical extension. Accordingly, he would have reached the age of majority, *i.e.* eighteen-years-old, no later than December 31, 2003. As discussed below, given the applicable six-year statute of limitations for all civil rights claims in Maine, Counts II and III of Plaintiff's Complaint became time-barred no later than December 31, 2009. Moreover, as to Plaintiff's State-law tort claim of negligent supervision, Count IV, that claim became time-barred under its applicable statute of limitation no later than December 31, 2005. Because Plaintiff's Complaint was not filed until October 29, 2015, as a matter of law, the claims

set forth in Plaintiff's Complaint against the City Defendants are time-barred and require dismissal.

### III. PLAINTIFF'S FEDERAL CLAIMS BROUGHT PURSUANTT TO 42 U.S.C. § 1983 ARE TIME-BARRED BY THE STATUTE OF LIMITATIONS.

Although 42 U.S.C. § 1983 does not contain its own statute of limitations, the United States Supreme Court has held that statutes of limitations for Section 1983 actions are determined under state law. *Board of Regents v. Tomanio*, 446 U.S. 478, 483 (1980). In *Wilson v. Garcia*, the U.S. Supreme Court explained that Section 1983 operates "as a directive to select, in each State, the one most appropriate statute of limitations for all § 1983 claims." *Wilson v. Garcia*, 471 U.S. 261, 275 (1985). In the State of Maine, "there is a six-year statute of limitations governing civil rights actions," including "[c]laims under sections 1983 and 1985 of the Civil Rights Act." *Brown v. Ferrara*, 2:10-cv-00523-GZA, 2011 U.S. Dist. LEXIS 46221, \*\*12-13 (D. Me. Apr. 28, 2011) (citing *Small v. Inhabitants of City of Belfast*, 796 F.2d 544, 546-47 (1st Cir. 1986); *see also Douglas v. York County*, 433 F.3d 143, 144 (1st Cir. 2005) (applying Maine's general six-year statute of limitations to plaintiff's Section 1983 claim).

As explained in *Small v. Inhabitants of City of Belfast*, 796 F.2d 544 (1st Cir. 1986), the United States Court of Appeals for the First Circuit addressed the issue of the appropriate statute of limitations for Section 1983 actions in Maine. Following the *Wilson* Court's directive, the First Circuit determined that "a single limitations period is to be selected and that limitations period should be the one applicable to tort actions for recovery of damages for personal injury." *Id*. at 545. The District Court had previously applied 14 M.R.S. § 752, the two-year statute of limitations for cases involving defamation, assault and battery, false imprisonment, and medical malpractice, on the ground that a Section 1983 violation was akin to an intentional tort. The First Circuit disagreed, holding instead that the six-year statute of limitations for general civil

4

claims, 14 M.R.S. § 753, applied to all Section 1983 claims in Maine.  *Id*. at 546; *see also McKenney v. Greene Acres Manor*, 650 A.2d 699, 701 (Me. 1994)("The First Circuit Court of Appeals has had occasion to apply the *Wilson* rule to a section 1983 claim arising in Maine, holding that the residual six-year statute of limitations set forth in 14 M.R.S.A. § 752 (1980) is the appropriate one to be used for section 1983 cases in the state of Maine." (quotation marks omitted)).  Thus, regardless of the subject matter of the case, the First Circuit held that "the Maine six-year statute of limitations, 14 M.R.S.A. § 752, is the appropriate one to be used for section 1983 cases [brought] in the state of Maine." *Small*, 807 F.2d at 546 (emphasis added).

  For that reason, in *McKenney* the Law Court held that the six-year statute of limitations applied to a Section 1983 claim arising out of a wrongful death, even though the statute of limitations for a wrongful death action would have only been two years.  *McKenney*, 650 A.2d at 701 ("[W]e agree with the First Circuit that Maine's six-year residual statute of limitations applies to all section 1983 cases arising in Maine . . . .").  Similarly, in *Walker v. Barrett*, the United States Court of Appeals for the Eighth Circuit dismissed a claim alleging sexual abuse by a teacher because it was time-barred following the *Wilson* analysis.  650 F.3d 1198, 1205 (8th Cir. 2011); *see also Woods v. Ill. Dep't of Children & Family Servs*., 710 F.3d 762, 766 (7th Cir. 2013) (applying the two-year personal injury statute of limitations rather than the twenty-year child sexual abuse statute of limitations); *A.W. v. Humble Indep. Sch. Dist*., 25 F. Supp. 3d 973, 988 (S.D. Tex. 2014), *aff'd sub nom. King-White v. Humble Indep. Sch. Dist.,* 803 F.3d 754 (5th Cir. 2015) (applying the general Texas two-year statute of limitations period for personal injury rather than the five-year sexual abuse limitations period).

  Likewise here, because Plaintiff has brought two civil right claims in his Complaint pursuant to Section 1983 (Counts II and III), this Court must apply the six-year statute of

limitations set forth in 14 M.R.S. § 753.  *See e.g.*, *Small*, 807 F.2d at 546; *Douglas*, 433 F.3d at 144; *Brown*, 2011 U.S. Dist. LEXIS 46221 at **12-13.  In applying the six-year limitation, Plaintiff would have needed to bring his federal claims against the City Defendants no later than December 31, 2009.  As evidenced by the filing of Plaintiff's Complaint, he did not assert his federal causes of action until October 2015.  As a result, the Court should conclude that, on the face of the Plaintiff's Complaint, his Section 1983 claims against the City Defendants are time-barred, and dismiss Counts II and II of Plaintiff's Complaint in their entirety, with prejudice.

### IV. PLAINTIFF'S STATE-LAW CLAIM IS BARRED UNDER THE STATUTE OF LIMITATIONS AND NOTICE PROVISIONS OF THE TORT CLAIMS ACT.

#### A. The State-law Tort Claim is Barred by the Two-Year Statute of Limitations Set Forth in 14 M.R.S. § 8110.

In Count IV, Plaintiff has asserted that the City Defendants negligently supervised Defendant Stephen Dodd.  The Maine Tort Claims Act ("MTCA") provides that "[e]very claim against a governmental entity or its employees" must be commenced "within 2 years after the cause of action accrues, except that, if the claimant is a minor when the cause of action accrues, the action may be brought within 2 years of the minor's attaining 18 years of age." 14 M.R.S. § 8110.

As highlighted above, the Complaint alleges that Plaintiff "was sexually assaulted by Biddeford Police Department Officer Stephen Dodd in 1998-99 when Lauzon was 13 to 14 years old." (ECF No. 3-1 at ¶¶ 1, 10.)  Taken as true, the underlying action for which the City Defendants are alleged to be liable for occurred sometime in 1998 or 1999.  Both of the City Defendants qualify as either "governmental entity or its employee," and therefore the MTCA applies.  Even tolling the two-year statute of limitations set forth in the MTCA until after the Plaintiff reached majority in 2003, he would have still needed to bring his tort claim against the

City Defendants no later than December 31, 2005 in order to comply with MTCA's statutory requirements. As evidenced by the filing of Plaintiff's Complaint, he did not assert his State-law cause of action until October 2015. As a result, the Court should conclude that, on the face of Plaintiff's Complaint, his negligent supervision claim against the City Defendants is time-barred, and dismiss Counts IV of Plaintiff's Complaint in its entirety, with prejudice.

**B.    The State-law Tort Claim is Barred by Plaintiff's Failure to Comply with the Notice Provision in 14 M.R.S. § 8107.**

In addition to the two-year statute of limitations imposed by the MTCA, the MTCA also contains a mandatory, pre-suit notice requirement. *See* 14 M.R.S. § 8107. That requirement provides that:

> Within 180 days after any claim or cause of action permitted by this chapter accrues, or at a later time within the limits of section 8110, when a claimant shows good cause why notice could not have reasonably been filed within the 180-day limit, a claimant or a claimant's personal representative or attorney shall file a written notice containing:
>
> A. The name and address of the claimant, and the name and address of the claimant's attorney or other representative, if any;
> B. A concise statement of the basis of the claim, including the date, time, place and circumstances of the act, omission or occurrence complained of;
> C. The name and address of any governmental employee involved, if known;
> D. A concise statement of the nature and extent of the injury claimed to have been suffered; and
> E. A statement of the amount of monetary damages claimed.

*Id.* § 8107(1). The MTCA notice requirement goes on to state that "No claim or action shall be commenced against a governmental entity or employee . . . unless the foregoing notice provisions are substantially complied with." *Id.* § 8107(4).

7

Plaintiff does not (and cannot) allege that he filed the required notice within 180 days of the accrual of his claim in 1998-1999. (ECF No. 3-1, ¶ 1.) Moreover, even if he could "show[] good cause [as to] why notice could not have reasonably been filed within the 180-day time period," Plaintiff would still have been required to give notice "within the limits of section 8110," *i.e.* the two-year statute of limitations, which he likewise failed to do. *See* 14 M.R.S. § 8107 (providing that claimant must provide notice within 180 days after any claim or cause of action has accrued, or alternatively, and with good cause shown, within the two-year statute of limitations). Because Plaintiff has failed to comply with the MTCA's notice provision when bringing his tort claim against the City Defendants (both of which qualify as either a "governmental entity or employee"), Court IV of his Complaint is barred by the MTCA, and requires dismissal in its entirety, with prejudice. *See e.g.*, *Cushman v. Tilton*, 652 A.2d 650, 651 (1995) (failure to comply with notice provision of MTCA bars claim).

WHEREFORE, because Plaintiff's claims are time-barred by the applicable statute of limitations, and because Plaintiff has failed to comply with the mandatory notice requirements set forth in the Maine Tort Claims Act, the City Defendants respectfully request that this Court dismiss his Complaint in its entirety as against them, with prejudice.

Respectfully submitted this 10th day of February, 2016 at Portland, Maine.

                                       */s/Michael E. Saucier, Esq.*
                                       */s/Brendan R. O'Rourke, Esq.*
                                       Michael E. Saucier, Esq.
                                       Brendan R. O'Rourke, Esq.
                                       Attorneys for Defendants Roger Beaupre
                                       and the City of Biddeford

**THOMPSON & BOWIE, LLP**
Three Canal Plaza
Post Office Box 4630
Portland, Maine 04112
(207) 774-2500

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2016, I electronically filed Defendants Roger Beaupre and City of Biddeford's Motion to Dismiss, and Incorporated Memorandum of Law, with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

Dated: February 10, 2016

/s/Michael E. Saucier, Esq.
/s/Brendan R. O'Rourke, Esq.
Michael E. Saucier, Esq.
Brendan R. O'Rourke, Esq.
Attorneys for Defendants Roger Beaupre
and the City of Biddeford

**THOMPSON & BOWIE, LLP**
Three Canal Plaza
Post Office Box 4630
Portland, Maine  04112
(207) 774-2500