IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| MATTHEW LAUZON, )<br>            )<br>    Plaintiff, )<br>            )<br>v.          )<br>            )<br>STEPHEN DODD, ROGER BEAUPRE, )<br>and CITY OF BIDDEFORD       )<br>            )<br>    Defendants. ) | Case No. 2:16-CV-51 |

## ANSWER OF STEPHEN DODD

I, Stephen M. Dodd, respond as follows to the allegations made in his Amended Complaint by the Plaintiff, Matthew Lauzon.

1.      I never sexually abused or sexually assaulted Matthew Lauzon, and his statement to that effect is a deliberate lie. Nor did I use my "power and authority as a law enforcement officer to gain access to Matthew Lauzon." The untruth of these statements will be explained more fully below.

As for the remaining allegations in ¶ 1, which are addressed to Roger Beaupre, I don't know what he did or did not do.

2.      Lauzon's statement that he lives in Boston is untrue. Many months before the date of his Amended Complaint (March 2, 2016), he had moved back to Biddeford, Maine.

3.      Similarly, Lauzon's statement that "at all times relevant to this Complaint" he was "a minor residing in Biddeford, Maine" is also false. In ¶ 10, he claims that "between 1998 and 1999, when he was 13-14 years old, he was sexually abused by an adult neighbor." In ¶ 26 he states that it was not until "sometime in 2014-2015" that he "first discovered the involvement of

Chief Beaupre and the City". Lauzon was an adult, therefore, during most of the time relevant to his Complaint.

4. I do not live in Lakeland, Florida.

5. For 25 years, from 1978 to 2003, I was employed as a police officer by the Biddeford Police Department. After I retired in 2003, I was no longer acting as a police officer. I don't know what Lauzon means by saying that I was "acting under color of state law," but I acted as a police officer when I was on duty and as a private citizen when I was not.

6. Roger Beaupre was the Biddeford Police Chief during most of the time I served as a police officer.

7. I don't know whether Mr. Beaupre is and was the "final policy maker" for the Biddeford Police Department.

8. The City of Biddeford is a municipality in the State of Maine.

9. I have no problem with Lauzon referring to Mr. Beaupre and the City of Biddeford as "Municipal Defendants."

## STATEMENT OF FACT

10-12. Lauzon alleges that between 1998 and 1999, when he was 13-14 years old, he was sexually abused by an adult neighbor. I have heard that story, but I also heard that when it was investigated by the Biddeford Police, Lauzon denied that it had happened. I don't know whether Lauzon's story is true or false.

13-22. In these paragraphs of his Complaint, Lauzon claims that "weeks later" after he was sexually abused by his neighbor, he was "sexually assaulted" by me. This is a lie, concocted by Lauzon because the true facts would not support the lawsuit he wanted to bring against me (and, more importantly, the City of Biddeford). After going public with his accusations on social

media in the spring of 2015, Lauzon brought pressure to bear on the Attorney General's Office to conduct an investigation that would, he hoped, lead to a criminal prosecution of me. Instead, to his dismay, the Attorney General's Office investigated the matter thoroughly and declined to file criminal charges against me, because Lauzon's story was contradicted by objective facts and his own contradictory statements.

    Here is the whole truth of what happened. Let me begin by saying that I was born in 1957 and I have been gay all my life. When I went to high school in the 1970s, and when I applied in 1978 to become a Biddeford Police Officer, it was not advisable to disclose one's sexual orientation in that regard. In the early months of 2001, I was on the computer one day in a gay online chat-room called Maine M4M ("Men for Men"). Someone started texting to me in the chat-room. I texted back, and we talked for a while in the chat-room. After a short time, he told me he was Matt Lauzon and wanted to chat by instant message (IM). He left the chat-room. A very short time passed, and then he IM'ed me with a different screen name.

    Lauzon and I met down the street from where he was living with his parents. He walked up to the side of my Tahoe SUV, and we talked. I was acquainted with the family, and I had seen Lauzon driving around town alone in a blue Chevrolet S10 pickup truck. Lauzon told me that he was 16 and that he had a driver's license.

    He didn't want to get into the passenger side of my truck; he wanted to drive. He explained, "I want to experience road head." (This is a slang expression for receiving oral sex while driving a vehicle.) I said okay and got in the passenger seat, and we drove off. While he was driving the truck, I performed oral sex on him. He then parked off the road beside the woods. He had me masturbate him, and he ejaculated. Then he touched me and I did the same. At that point we left, and I drove.

There was a second (and last) encounter, not long thereafter. On that occasion Lauzon wanted me to drive his S10 pickup truck and go buy beer for him and leave it in his truck. I said no because I had never learned to drive a standard shift car properly, I was too big for the little pickup truck, and I was not going to provide him with beer.

That is the full extent of my sexual contact with Lauzon. Contrary to the false statements in his Complaint, he was the instigator of our contact (in the chat-room), and the instigator of our sex (in my SUV). He told me what he wanted, and I gave it to him willingly. There was no "force" or "assault" whatsoever.

At the time of our first contact, Lauzon was 16 years old, tall, had his driver's license, and had been driving a pickup truck around town. He was interested in gay sex, because he had joined the chat-room on his own initiative, without my knowledge. It was he who took the lead by texting me in the chat-room, and it was he who took the lead in the sex act that followed.

23. I deny Lauzon's allegations against me in ¶ 23 of the Complaint.

24. I deny Lauzon's allegations against me in ¶ 24 of the Complaint.

25. I deny Lauzon's allegations against me in ¶ 25 of the Complaint.

26. I don't know when Lauzon "first discovered the involvement of Chief Beaupre and the City."

## COUNT I

27. I repeat everything I have said in ¶¶ 1-26.

28. Lauzon's constitutional rights are spelled out in the Constitution, but they do not include fabricating lies about "sexual abuse" that never happened.

29. I never "convinced Lauzon to enter my car" – he told me to move from the driver's seat of my SUV to the passenger's seat, so that he could drive. Nor did I "sexually

assault" him – I performed oral sex on him, at his request.  Nor was I "acting under color of state law," whatever that may mean.

30. There were only two occasions, and I never "sexually assaulted" Lauzon on either occasion, nor was I "acting under color of state law."

31. I did not "sexually assault" Lauzon, nor did I deprive him of any constitutional rights.

32. The allegations in ¶ 32 are unfounded nonsense.

## COUNT II

33-40. Count II is directly solely to Mr. Beaupre.  To the extent that ¶¶ 33-40 contain any allegations directed at me, I deny them.

## COUNT III

41-49. Count III is directly solely to Mr. Beaupre and the City of Biddeford.  To the extent that ¶¶ 41-49 contain any allegations directed at me, I deny them.

## COUNT IV

50-61. Count IV is directly solely to Mr. Beaupre and the City of Biddeford.  To the extent that ¶¶ 50-61 contain any allegations directed at me, I deny them.

## COUNT V

62. I repeat everything I said in ¶¶ 1-61 of this Answer.

63. Contrary to Lauzon's false claims, the sexual activity in which we engaged during our two contacts was neither forcible nor offensive to him; to the contrary, he told me specifically what he wanted me to do, and I complied.

64. At the time of our two sexual contacts, Lauzon was 16 years old.

65. The allegations in ¶ 65 are unfounded nonsense.

THEREFORE, I request this Court to dismiss with prejudice Lauzon's false and malicious claims against me, with prejudice, and to award any costs to which I am entitled.

Dated at Portland, Maine this 21st day of July, 2016.

/s/ Stephen M. Dodd
Stephen M. Dodd

/s/ John S. Whitman
John S. Whitman, Esquire
Attorney for Defendant, Stephen M. Dodd

Richardson, Whitman, Large & Badger
465 Congress Street
P. O. Box 9545
Portland, ME  04112-9545
(207) 774-7474; jwhitman@rwlb.com

## CERTIFICATE OF SERVICE

This is to certify that on this 21st day of July, 2016 Defendant Stephen Dodd's Answer was filed using the CM/ECF system which will send notice of the electronic filing to parties and counsel of record.

/s/ John S. Whitman
John S. Whitman, Esquire
Attorney for Defendant, Stephen M. Dodd

Richardson, Whitman, Large & Badger
465 Congress Street
P. O. Box 9545
Portland, ME  04112-9545
(207) 774-7474; jwhitman@rwlb.com