UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| MATTHEW LAUZON,<br><br>    PLAINTIFF<br><br>v.<br><br>STEPHEN DODD, *in his individual capacity*; ROGER BEAUPRE, *in his official capacity as Chief of Police for the Biddeford Police Department and in his individual capacity*; AND CITY OF BIDDEFORD,<br><br>    DEFENDANTS | CIVIL NO. 2:16-CV-51-DBH |
| LAWRENCE OUELLETTE,<br><br>    PLAINTIFF<br><br>v.<br><br>NORMAN GAUDETTE, *in his individual capacity*; ROGER BEAUPRE, *in his official capacity as Chief of Police for the Biddeford Police Department and in his individual capacity*; AND CITY OF BIDDEFORD,<br><br>    DEFENDANTS | CIVIL NO. 2:16-CV-53-DBH |

**DECISION AND ORDER ON DEFENDANTS' MOTIONS TO DISMISS**

These two cases involve allegations that Biddeford police officers violated the plaintiffs' civil rights under 42 U.S.C.A. § 1983 (2015), as well as related state laws. I previously entered an order and concluded that, but for a First Circuit decision that troubled me, Nieves v. McSweeney, 241 F.3d 46 (1st Cir. 2001), I was not prepared to say that the statute of limitations had run on the plaintiffs'

federal claims without a more developed record.  See Dec. & Order on Pls.' Mots. to Am. Compl. & Order for Further Briefing on Defs.' Mots. To Dismiss at 8-13 (ECF No. 41) ("Order").  Before denying the defendants' motions to dismiss, however, I directed the parties to brief the significance of Nieves—a case where the First Circuit stated—without elaborating—that because the district court had properly determined that the 1983 claims against the individual police officers were time-barred, the supervisory and municipal liability claims against the chief and town "also must fail."  Nieves, 241 F.3d at 50.  I asked the parties to address whether I must follow Nieves and therefore dismiss the plaintiffs' claims against Chief Beaupre and the City of Biddeford because the plaintiffs have dismissed their 1983 claims against the individual police officers, Dodd and Gaudette.  After full briefing, I am satisfied that Nieves is not controlling and therefore **DENY** the defendants' motions to dismiss.

Specifically, I am persuaded that these two cases are not governed by Nieves because the plaintiffs in Nieves did not rely on the federal discovery rule.  In Nieves, unlike here, the only date of accrual for the statute of limitations was the date of arrest and police contact because the plaintiffs "had ample reason to know of the injury then and there."  Id. at 52.  In contrast, at this stage of the litigation in these two cases, the record before me is still undeveloped (on motions to dismiss, not on summary judgment as in Nieves), as to whether there was an underlying constitutional violation (even if the individual police officers are dismissed from the section 1983 claims), see Wilson v. Town of Mendon, 294 F.3d 1, 7 (1st Cir. 2002) ("There is [ ] nothing to prevent a plaintiff from foregoing

2

the naming of an individual officer as a defendant and proceeding directly to trial against the municipality."). It is also undeveloped as to when the plaintiffs knew or should have known, through the exercise of due diligence, that Chief Beaupre and the City of Biddeford were the proximate cause of their injuries. See Armstrong v. Lamy, 938 F. Supp. 1018, 1033 (D. Mass. 1996); Order at 12.

Thus, because Nieves does not control the issue, and for the reasons stated in my previous order addressing the application of the federal discovery rule, see Order at 8-14, the defendants' motions to dismiss are **DENIED**. These cases shall proceed in the normal course.

**SO ORDERED.**

**DATED THIS 9TH DAY OF SEPTEMBER, 2016**

                                                /S/ D. BROCK HORNBY
                                              **D. BROCK HORNBY**
                                              **UNITED STATES DISTRICT JUDGE**