UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| MATTHEW LAUZON, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:16-cv-00051-LEW |
| | ) | |
| STEPHEN DODD, | ) | |
| ROGER BEAUPRE, and | ) | |
| CITY OF BIDDEFORD | ) | |
| | ) | |
| Defendants | ) | |

## **PROCEDURAL ORDER**

On July 9, 2019, I issued an Order (ECF No. 162) in which I granted summary judgment to Defendants Roger Beaupre and the City of Biddeford, disposing of Plaintiff's § 1983 claims stated in Counts II and III of the Amended Complaint.

The Amended Complaint also recites in Count I a section 1983 claim against Defendant Dodd, in Count IV a negligent supervision claim against the municipal defendants, and in Count V a sexual assault claim against Defendant Dodd. Of the three counts unaffected by my recent summary judgment order, only Count I is a federal claim.

Three years ago, in the context of proceedings on motions to dismiss based on the statute of limitation defense, and a related motion to amend, Judge Hornby observed that Plaintiff in this action stipulated to the dismissal of his § 1983 claim against Dodd.[1]

---

[1] In his order, Judge Hornby also addressed similar motions pending in the related matter of *Ouellette v. Gaudette*, No. 2:16-cv-53-DBH.

Decision and Order on Plaintiffs' Motions to Amend Complaint and Order for Further Briefing on Defendants' Motions to Dismiss at 3 (ECF No. 41, PageID # 217). In fact, the docket reflects that Plaintiff requested dismissal of his claim in Count I. Plaintiff's Opposition to Defendants' Motion to Dismiss at 5 (ECF No. 33, PageID # 168). In that same filing, Plaintiff also stipulated to the dismissal of his negligent supervision claim against Beaupre and the City of Biddeford, Count IV. *Id.* at 13 (PageID # 176). Indeed, given the stipulation of dismissal of Count IV and the entry of summary judgment against Counts II and III, the City and Beaupre have been terminated as parties.

Through his motion to amend, Plaintiff first proposed the introduction of Count V which asserts a state law claim for sexual assault of a minor against Dodd in his individual capacity. Plaintiff's Motion to Amend, 29 (ECF No. 29, PageID # 146). The motion to amend was granted. *Id.* at 4-5 ("I GRANT the plaintiff[]'[s] motions to amend [his] Complaint[]. As a result, and accepting the plaintiff[]'[s] stipulations of dismissal as to Counts I and IV, the remaining claims before me for decision are Counts II and III – the section 1983 claims against the Chief and the City – and Count V – the state law sexual assault claim against Dodd."). Thus, according to the docket the only claim remaining at this time is the state law claim in Count V.

On July 18, 2019, Defendant Dodd filed a joint proposed scheduling order (ECF No. 164) in which he proposed that trial take place in January 2020. That timetable is meant to leave time for Plaintiff to prosecute an interlocutory appeal. I have reservations about Plaintiff's ability to prosecute an appeal in the current context of the case given the absence of a final judgment as to all claims and parties. Moreover, given that the sole

2

remaining claim is a state law claim, I am not convinced that this Court is the proper venue for the trial, though it is one available venue.

> Once a case is properly removed, a district court has jurisdiction over the entire case, whether or not the basis for removal, i.e., the federal claim, thereafter remains. Although the district court has jurisdiction to rule on the remaining state claims, even after the dismissal or withdrawal of all federal claims, it need not exercise that jurisdiction.

*Commonwealth of Mass. v. V & M Mgmt., Inc.*, 929 F.2d 830, 834 (1st Cir. 1991).

The Court intends to conduct a telephone conference with counsel on August 27, 2019, to address whether the matter should be remanded to state court for trial on the remaining state law claim in light of the foregoing procedural history.

**SO ORDERED.**

Dated this 12th day of August, 2019

                                                  /s/ Lance E. Walker
                                                  U.S. DISTRICT JUDGE