UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| MATTHEW LAUZON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:16-cv-00051-LEW |
| | ) | |
| STEPHEN DODD, | ) | |
| ROGER BEAUPRE, and | ) | |
| CITY OF BIDDEFORD | ) | |
| | ) | |
| Defendants | ) | |

**FINAL JUDGMENT AS TO PLAINTIFF'S CLAIMS AGAINST**
**ROGER BEAUPRE AND THE CITY OF BIDDEFORD**

On July 9, 2019, I issued an Order (ECF No. 162) in which I granted summary judgment to Defendants Roger Beaupre and the City of Biddeford, disposing of Plaintiff's § 1983 claims stated in Counts II and III of the Amended Complaint. Given the summary judgment on Counts II and III, and given Plaintiff Matthew Lauzon's prior stipulation to the dismissal of his negligent supervision claim against Beaupre and the City of Biddeford, Count IV, the City and Beaupre have been terminated as parties.

The matter is before the Court on Plaintiff's Motion for Order of Final Judgment as to City Defendants or in the Alternative for Order of Immediate Appealability of Order Pursuant to 28 U.S.C. § 1292(b) (ECF No. 169). Defendants do not object to an order that would enable Plaintiff's interlocutory appeal. City Defendants' Response (ECF No. 170).

Pursuant to Rule 54:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. …

Fed. R. Civ. P. 54(b). The entry of final judgment as to fewer than all parties is appropriate where all claims against the parties who would be granted final judgment have been terminated and some or all of the terminated claims are based on factual and legal issues that overlap significantly with the claims remaining for trial, and where facilitation of review by the Court of Appeals would not be inequitable to any of the parties. *Nystedt v. Nigro*, 700 F.3d 25, 30 (1st Cir. 2012); *Mercado v. Ritz-Carlton San Juan Hotel, Spa & Casino*, 410 F.3d 41, 45-46 (1st Cir. 2005).

I find there is no just reason for delay in the entry of final judgment as to the City and Mr. Beaupre. The claims against them substantially overlap with the remaining claim against Mr. Dodd and the delay occasioned by the appeal is not inequitable. I am also mindful that an appeal would, in any event, be available to Plaintiff upon the remand of the action to state court.[1] Plaintiff's motion is **GRANTED** pursuant to Rule 54(b).[2] The Clerk is directed to enter final judgment as to Defendants Roger Beaupre and the City of Biddeford.

**SO ORDERED.**

Dated this 18th day of September, 2019

                                                /s/ Lance E. Walker
                                                U.S. DISTRICT JUDGE

---

[1] The only claim remaining is the state law claim in Count V. As indicated in my August 12, 2019 procedural order, I have not yet determined whether to remand the state law claim for trial in state court.

[2] To be clear, I do not grant the motion based on 28 U.S.C. § 1292.